HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONNI JO RUIZ, et al.,

        Plaintiffs,

v.

CITY OF SELAH, et al.,

        Defendants.

CASE NO. C16-6037 RBL

ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Sarilyn Paschen's Motion for Summary Judgment [Dkt. # 51] and Andrew Paschen's Motion for Summary Judgment [Dkt. # 66]. In Response to the latter, Plaintiff Ruiz seeks summary judgment in her favor on liability, leaving the issue of damages for trial. [Dkt. # 76].

Andrew Paschen is Sarilyn's former husband. He worked as a court administrator in Selah. For reasons that remain unclear[1] Paschen contacted a convicted triple murderer, Ulysses Handy, who is serving three (or four) life terms at the Shelton prison. Handy asked Paschen to

---

[1] Paschen initially claimed he reached out to convict Handy as part of a church-based ministry to prison inmates. But he also concedes he has a "fascination" with serial killers, and has attempted to write books about them. In any event, he gave Handy his work and cell phone numbers and communicated with him frequently. The excerpts in the record do not reflect any religious or ministry purpose in the communications, and they do reflect Paschen's willingness to continue providing Handy information even after he was warned.

obtain private information about Plaintiff Ruiz, who, possibly unbeknownst to Paschen, was a nurse at the Shelton Prison. Ruiz had already accused Handy of harassing her. Using his government computer, Paschen accessed information and provided it to Handy. Handy then called Ruiz 22 times in 48 hours. Paschen also sent a letter to Ruiz through the Selah Court system, at Handy's request. He claimed he was helping Handy's mother "get in touch with her old friend," Ruiz. There is no evidence this was true.

Ruiz ultimately left her job and sued. Most defendants have settled or been dismissed, leaving only Andrew Paschen and his ex-wife as defendants. Ruiz's complaint does not carefully match her causes of actions to the named defendants, but it appears she asserts invasion of privacy, outrage and negligence claims against Paschen (and his ex-wife, as Ruiz claims his conduct bound the marital community).

Sarilyn Paschen (pro se) seeks summary judgment based on her lack of involvement in any of the facts and on her subsequent divorce. Andrew (also pro se) seeks summary judgment, based mostly on the arguments made by Selah (which argued largely that it was not liable for his conduct, and that it fired him).

Ruiz argues that Sarilyn's portion of the marital community's assets should answer for any judgment against Andrew. She implicitly concedes that Sarilyn did not do anything personally to violate her rights. Ruiz also argues[2] that Andrew "violated her rights" as a matter of law and she asks the Court to enter summary judgment in her favor on liability.

---

[2] Ruiz objects to Andrew's motion as "untimely" and non-compliant with local rules, though she does not articulate the flaws he sees. His own cross motion in response to summary judgment motion would presumably untimely as well. In any event, the Court will consider the motions.

**A. Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**B. Right to Privacy.**

Ruiz does not clearly identify all of the rights she claims Paschen violated. It appears she asserts right to privacy/invasion of privacy claims, an outrage claim, and a negligence claim.

She argues broadly that both the Washington and United States constitutions recognize a right to privacy, and then argues separately that § 1983 imposes municipal liability—an issue not before this court. Though Ruiz does not say so, it is clear that Paschen is a state actor, and is subject to § 1983 liability if and to the extent he violated Ruiz's constitutional rights. Ruiz has not cited a case holding or necessarily implying that providing a prison staff's personal information to a convict violates the staff member's constitutional right to privacy.

But she does cite cases holding that there is, at least in some circumstances, and right to informational privacy. *See Painting Indus. of Hawaii Mkt. Recovery Fund v. U.S. Dep't of Air Force*, 26 F.3d 1479, 1483 (9th Cir. 1994); *see also In re Crawford*, 194 F.3d at 958 (indiscriminate disclosure of social security numbers when accompanied by names and addresses may implicate the constitutional right to informational privacy). Paschen does not dispute the privacy right exists, but he claims the information he obtained on the internet is widely available—though he again does not address the fact that a prison nurse's personal information would *not* be available to an inmate but for Paschen's admittedly wrongful act[3] of providing it to him.

Paschen's Motion for Summary Judgment on this Claim is DENIED. Ruiz's Cross motion is also DENIED—a fact finder will have to determine if the conduct violated Ruiz's rights. The qualified immunity issue did not make it into the briefing but it too will have to be addressed.

**C. Outrage.**

Ruiz's best claim is that Paschen's conduct amounts to outrage under Washington law.

To prevail on a claim for the tort of outrage, also known as intentional infliction of emotional distress, a plaintiff must prove that (1) the defendant engaged in extreme and

---

[3] If nothing else, the terms of Paschen's employment prohibited his conduct. Indeed, he was fired for it. He was also charged with a crime but the outcome of that proceeding is unclear.

outrageous conduct, (2) the defendant intentionally or recklessly inflicted emotional distress on the plaintiff, and (3) the conduct actually resulted in severe emotional distress to the plaintiff. *Kloepfel v. Bokor*, 149 Wash.2d 192, 195, 66 P.3d 630 (2003). "Any claim of outrage must be predicated on behavior 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Sutton v Tacoma School District No. 10*, 180 Wash.App. 859, 324 P.3d 763 (2014) (internal citations omitted) (emphasis added).

Paschen reiterates that the information is widely available, and he continues to avoid addressing that it was *not* available to Handy, but for his wrongful conduct. Viewed in the light most favorable to Ruiz, the evidence would support a jury verdict in her favor on this claim. At the same time, viewed in the light most favorable to Paschen, a jury could find that even if the disclosure was tortious, there was no damage. This is a jury question. Both parties' Motions for Summary Judgment on this claim are DENIED.

**D. Negligence.**

The only evidence in the record is that Paschen *intentionally* provided information he knew he should not provide to an inmate, for reasons that are either bizarre or malicious. These allegations to do not support a negligence claim, if Ruiz in fact asserted that claim against this defendant in the first place. Andrew's Motion for Summary Judgment on Ruiz's negligence claim against him is GRANTED and that claim is DISMISSED with prejudice.

**E. Sarilyn's Motion.**

Finally, Sarilyn's Motion must be DENIED. If and to the extent Ruiz obtains a judgment against Andrew based on his conduct, her portion of any marital assets may be in play to pay any judgment. Neither party has briefed the impact of an intervening dissolution in such a case, and

the Court does not know if Andrew could pay any verdict, but the Court cannot simply dismiss a party because she is no longer married to the primary defendant.

\*\*\*

This is not a case that should go to trial. It is unfortunate that Andrew elected to skip the mediation—there is a Court Rule requiring such efforts, and it will be enforced. *See* LCR 39.1.

The parties should confer about how to efficiently meet this obligation and inform the Court of the result.

IT IS SO ORDERED.

Dated this 14th day of November, 2018.

Ronald B. Leighton
United States District Judge